```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civil No. 2018-29
                                   )
SAPPHIRE VILLAGE CONDOMINIUM       )
ASSOCIATION, BERNARD               )
VANSLUYTMAN, JOANNE LEVESQUE,      )
CLARENCE LEVESQUE, LOURDES         )
CORDERO, THOMAS CORDERO, SIDNEY    )
JARVIS, NICHOLAS OVERMEYER,        )
RICHARD W. O'DELL, MICHELE         )
LANGE, TODD FARRAND, NORA          )
IBRAHIM, SARAH WHITE, ELLEN        )
HANSEN, MICHAEL BAIRD, MATTHEW     )
SWOPE, MARK MAROLF, MADLON         )
JENKINS RUDZIAK, JAMES             )
KOULOURIS, MOUSSA MUSTAFA,         )
CLAUDIA WOLDOW                     )
                                   )
          Defendants.              )
```

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
   *Pro se plaintiff,*

**Michael E. Fitzsimmons**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
   *For Sapphire Village Condominium Association, Sidney Jarvis, and Michael Baird,*

**Bernard M. Vansluytman**
St. Thomas, U.S.V.I.
   *Pro se defendant,*

**John H. Benham, III**
St. Thomas, U.S.V.I.
   *For Joanne Levesque,*

**Carol Ann Rich**
Dudley & Rich
St. Thomas, U.S.V.I.
   *For Lourdes Cordero and Thomas Cordero,*

**Andrew Simpson**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
   *For Sapphire Village Condominium Owners Association, Sidney Jarvis, Michael Baird, Nicholas Overmeyer, Todd Farrand, and Michele Lange,*

**Matthew Swope**
**Nora Ibrahim**
**Moussa Mustafa**
**Sara White**
**Ellen Hansen**
**James Koulouris**
**Madlon Jenkins-Rudziak**
**Claudia A. Woldow**
   *Pro se defendants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Wilnick Dorval ("Dorval") to refer this case to the United States Virgin Islands Attorney General for criminal prosecution.

Dorval's motion is problematic for several reasons. First, to the extent Dorval wishes to have the Court share certain matters, of which Dorval is aware, and which did not occur in the presence of the Court, with the Virgin Islands Attorney General, the Court is unaware of any impediment to Dorval doing so himself. Moreover, the Court is disinclined to create a

precedent for the Court serving as a broker or envoy for litigants' complaints to prosecuting authorities.

Second, to the extent Dorval invites this Court to direct a prosecuting authority to investigate or criminally prosecute a matter, the Court must decline this invitation.

Indeed, while the Court may refer conduct occurring in Court or directly affecting an ongoing proceeding to the appropriate authorities, the Court does not have authority to direct a prosecutor to investigate or bring criminal charges. *See United States v. Batchelder*, 442 U.S. 114, 124, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").

The premises considered, it is hereby

**ORDERED** that Wilnick Dorval's motion to refer this case to the Virgin Islands Attorney General is **DENIED**.

S\_____
**Curtis V. Gómez**
**District Judge**