WILNICK DORVAL,                        )
                                       )
              Plaintiff,               )
                                       )
              v.                       )    Civil No. 2018-29
                                       )
SAPPHIRE VILLAGE CONDOMINIUM           )
ASSOCIATION, BERNARD                    )
VANSLUYTMAN, JOANNE LEVESQUE,          )
CLARENCE LEVESQUE, LOURDES             )
CORDERO, THOMAS CORDERO, SIDNEY )
JARVIS, NICHOLAS OVERMEYER,            )
RICHARD W. O'DELL, MICHELE             )
LANGE, TODD FARRAND, NORA              )
IBRAHIM, SARAH WHITE, ELLEN            )
HANSEN, MICHAEL BAIRD, MATTHEW         )
SWOPE, MARK MAROLF, MADLON             )
JENKINS RUDZIAK, JAMES                 )
KOULOURIS, MOUSSA MUSTAFA,             )
CLAUDIA WOLDOW                         )
                                       )
              Defendants.              )

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
     *Pro se plaintiff,*

**Michael E. Fitzsimmons**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
     *For Sapphire Village Condominium Association, Sidney*
     *Jarvis, and Michael Baird,*

**Bernard M. Vansluytman**
St. Thomas, U.S.V.I.
     *Pro se defendant,*

**John H. Benham, III**
St. Thomas, U.S.V.I.
     *For Joanne Levesque,*

**Carol Ann Rich**
Dudley & Rich
St. Thomas, U.S.V.I.
    *For Lourdes Cordero and Thomas Cordero,*

**Andrew Simpson**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
    *For Sapphire Village Condominium Owners Association, Sidney*
    *Jarvis, Michael Baird, Nicholas Overmeyer, Todd Farrand,*
    *and Michele Lange,*

**Matthew Swope**
**Nora Ibrahim**
**Moussa Mustafa**
**Sara White**
**Ellen Hansen**
**James Koulouris**
**Madlon Jenkins-Rudziak**
**Claudia A. Woldow**
    *Pro se defendants.*

<u>**ORDER**</u>

**GÓMEZ, J.**

Before the Court is the motion to dismiss filed by Lourdes Cordero and Thomas Cordero.

## I.    FACTUAL AND PROCEDURAL HISTORY

Sapphire Village Condominium Complex ("Sapphire Village") is a condominium complex located in St. Thomas, United States Virgin Islands. The several buildings that comprise Sapphire Village are individually named. One such building is named St. Vincent. Wilnick Dorval ("Dorval") rents Unit 265 at Sapphire Village Condominium Complex ("Sapphire Village"). Unit 265 is in

the St. Vincent building. Dorval has rented Unit 265 since October, 2015.

On May 22, 2018, Dorval commenced this civil action by filing a complaint in this Court. The complaint alleges that Sapphire Village Condominium Association ("the Association") along with other residents of Sapphire Village have conspired with each other to drive Dorval out of his apartment primarily by making excessive noise.

For example, Dorval alleges that the Association and other Sapphire Village tenants conspired to tamper with all of the screen doors in the St. Vincent building to make loud noises that reverberate through Dorval's apartment. Further, Dorval alleges that the Association has made coordinated efforts to conduct construction and repairs around Dorval's apartment to create noise. Dorval also claims that several Sapphire Village tenants follow him around St. Thomas blocking his path, harassing him, flicking their heads at him, and intentionally provoking him. Finally, Dorval claims that the Association engages in "unlawful discovery," through which Sapphire Village employees and residents search Dorval's condo and trash without his consent.

Dorval alleges that the motivation for this conduct is racial discrimination against Dorval because he is black and

from Haiti. Dorval claims that, due to his race, the Association

and the other defendants seek to force Dorval out of his

apartment and out of the United States. Specifically, Dorval

states that:

> Defendants have no legitimate non-discriminatory
> reason to justify their treatment of Plaintiff,
> rather, Defendants based their action on
> Plaintiff's race and national origin. Because of
> Defendants' discriminatory act, Plaintiff is
> deprived of the use of his apartment and bedroom;
> of the privileges and benefits of Sapphire Village
> Development and was denied the right to make and
> enforce a contract, was subject to unlawful
> discrimination and was denied equal treatment in a
> place of public accommodation.

Complaint; ECF No. 1 at 2.

With respect to Lourdes Cordero and Thomas Cordero

(collectively "the Corderos"), Dorval alleges that the Corderos

own Unit 257 at Sapphire Village. According to Dorval, the

Corderos lease Unit 257 to short-term tenants. The short-term

tenants make excessive noises as part of the ongoing conspiracy

to drive Dorval out of Sapphire Village. Additionally, Dorval

contends that the Corderos hired a cleaning service to make

excessive noise. Dorval claims that the Corderos refuse to stop

their tenants or the cleaning services from making excessive

noise because the Corderos are attempting to harass Dorval due

to his race.

The complaint alleges 11 causes of action. Count 1 and Count 2 allege violations of the Fair Housing Act. Count 3 alleges violations under 42 U.S.C. § 1981. Count 4 alleges violations under 42 U.S.C. § 1982. Count 5 alleges violations under 42 U.S.C. § 2000a. Count 6 alleges violations under 42 U.S.C. § 1985. Count 7 alleges unlawful entry, trespass, invasion of privacy, unlawful search and seizure, and conversion. Count 8 alleges violations under Virgin Islands privacy and nuisance laws. Count 9 alleges negligence. Count 10 alleges a civil and criminal conspiracy. Count 11 alleges intentional infliction of emotional distress.

Dorval filed a return of service, which indicates that the Corderos were served with the complaint on May 31, 2018. ECF Nos. 49 and 50. The Corderos have not filed an answer to the complaint.

The Corderos now move to dismiss the complaint for failure to state a claim.

## II.  DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual

allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271, 131 S. Ct. 1607, 179 L. Ed. 2d 501.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

## III. ANALYSIS

In their motion to dismiss, the Corderos argue that Dorval has failed to state a claim upon which relief can be granted with respect to Counts 1, 2, 3, 4, 5, and 6 of the complaint.

The Court will address Dorval's claims in turn.

### 1. The Federal Claims

#### A. Count 5; 42 U.S.C. § 2000a

In Count 5 of his complaint, Dorval alleges a violation of 42 U.S.C. § 2000a ("Section 2000a"). In order to state a claim for a violation of Section 2000a, a plaintiff must "allege facts which show that he was deprived of equal use and enjoyment of a covered facility's services and facts which demonstrate discriminatory intent." *Thomas v. Tops Friendly Mkts.*, 1997 U.S. Dist. LEXIS 15887, at *13 (N.D.N.Y. Oct. 8, 1997). The elements that must be pled flow from the relevant statute which provides that:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a.

The term "place of public accommodation" for purposes of alleging a violation of Section 2000a includes: "(1) hotels and

other businesses providing 'lodging to transient guests,'[]; (2)

restaurants and other facilities 'principally engaged in selling

food for consumption on the premises,' []; (3) 'place[s] of

exhibition or entertainment,' []; and (4) establishments that

are, *inter alia*, within a covered establishment." *Denny v.*

*Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006)

(internal citations omitted). "Indeed, § 2000a(b) lists no fewer

than fourteen examples of establishments, and subsection (b)(3)

lists no fewer than five different places of entertainment." *Id.*

at 433-34.

    Here, Dorval generally alleges that "Sapphire Village is a

privately own[ed] gated community." Complaint; ECF No. 1 at 7.

He also states that "Sapphire Village . . . is a place of public

accommodation." *Id.* Dorval's allegation in this regard is

conclusory. When assessing a complaint to determine whether it

survives a motion to dismiss, a Court is charged with accepting

as true all of the factual allegations contained in the

complaint and drawing all reasonable inferences in favor of the

non-moving party. *Alston*, 363 F.3d at 233. With respect to

conclusory allegation, the Court is required to disregard them.

*Santiago*, 629 F.3d at 130 ("We also disregard 'naked assertions

devoid of further factual enhancement' and 'threadbare recitals

of the elements of a cause of action, supported by mere

conclusory statements.'" (citing *Iqbal*, 129 S. Ct. at 1949)).
Applying that standard, Dorval's allegation that Sapphire
Village is a place of public accommodation, standing alone, is
insufficient. That view does not mean that Count 5 ought to be
dismissed.

Indeed, to the extent that there are other allegations that
plausibly provide a basis for relief, the complaint may state a
cause of action. To that end, the Court has undertaken an
exhaustive review of Dorval's complaint. There are no well
pleaded allegations that provide a plausible basis to infer that
Sapphire Village is a place of public accommodation. Rather, the
complaint does little more than indicate that Sapphire Village
is a private apartment complex. For instance, Dorval states that
"Sapphire Village is a privately owned gated community."
Complaint; ECF No. 1 at 7.

The Court is unable to find any authority supporting the
proposition that a private apartment building is required to
open itself to the public. To the contrary, a private apartment
building may exclude the general public from accessing it. *See*
*Montgomery v. Carter Cty., Tennessee*, 226 F.3d 758, 771 (6th
Cir. 2000) ("[O]ne of the most important incidents of private
ownership of property is the right to exclude others."). As
there is no indication in the complaint that Sapphire Village is

open to the public, it cannot be regarded as a place of public

accommodation. *Cf Clegg v. Cult Awareness Network*, 18 F.3d 752,

755 n.3 (9th Cir. 1994) ("Only when the facilities are open to

the public at large does Title II govern."); *Johnson v. Hi Point*

*Apts, LLC*, 2017 U.S. Dist. LEXIS 193605, at *18 (C.D. Cal. Sep.

29, 2017) ("The apartment that plaintiff rents is not a place of

public accommodation.").

Accordingly, Count 5 will be dismissed. Because the

pleading deficiency outlined above reaches all defendants with

respect to Count 5, that count will be dismissed as to all

defendants.

**B. Count 6; 42 U.S.C. § 1985**

In Count 6 of his complaint, Dorval alleges a violation of

42 U.S.C. § 1985 ("Section 1985").

Section 1985 is comprised of three subsections. Section

1985(1) makes it unlawful to use force, intimidation, or threat

to prevent an officer from performing his duties. Section

1985(2) makes in unlawful to intimidate a party, witness, or

juror. Section 1985(3) makes it unlawful to deprive a person of

any rights or privileges under the law.

Dorval does not specify which part of Section 1985 has been

violated. In any event, his complaint does not implicate any

conduct in which an officer is being prevented from performing

his duties. It also does not implicate any conduct in which a party, witness, or juror is being intimidated. Rather, Dorval's complaint includes allegations that suggest Dorval has been generally deprived of a legal right or privilege. The Court regards those allegation as falling under Section 1985(3). As such, Count 6 will be construed as a claim for a violation of Section 1985(3).

In order to successfully plead a claim for a violation of Section 1985(3), Dorval must allege:

> (1) a conspiracy of two or more persons; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Friends & Residents of Saint Thomas Twp., Inc. v. Saint Thomas Dev., Inc.*, 176 F. App'x 219, 228 (3d Cir. 2006) (citing *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)).

"[I]n the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel." *Magnum v. Archdiocese of Phila.*, 253 F. App'x 224, 230 (3d Cir.

2007) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805

(3d Cir. 2001)).

Here, Dorval does not allege that his right to interstate

travel has been impaired. Dorval also has failed to allege that

he is subject to involuntary servitude. Thus, his Section 1985

claim fails to state a claim. Accordingly, that claim will be

dismissed. Because the pleading deficiency outlined above

reaches all defendants with respect to Count 6, that claim will

be dismissed as to all defendants.

**C. Remaining Federal Claims; Counts 1, 2, and 3**

With respect to Counts 1, 2, and 3, having applied the

standard outlined in *Iqbal* and *Twombly*, the Court finds that

Dorval has stated a claim upon which relief can be granted with

respect to each claim alleged in those counts. Accordingly, the

motion to dismiss will be denied as to those claims.

**2. The Territorial Claims: Counts 7, 8, 9, 10, and 11**

The Corderos argue that the Court should decline to

exercise supplemental jurisdiction over Counts 7, 8, 9, 10, and

11; those counts allege claims under Virgin Islands law. The

Corderos' argument presupposes that the Court will dismiss all

counts in the complaint arising under federal law. Motion to

Dismiss; ECF No. 61 at 18 ("Because the Plaintiff has failed to

state a claim under every federal cause of action alleged in the

Complaint, it is within the sound discretion of the Court to decline to exercise supplemental jurisdiction over [Dorval's] remaining claims."). As explained above, Dorval has stated causes of action as to several federal claims. As such, the theory on which the Corderos' argument proceeds offers no support for the relief they seek.

The premises considered, it is hereby

**ORDERED** that the motion to dismiss filed by Lourdes Cordero and Thomas Cordero docketed at ECF Number 60 is **GRANTED** as to Count 5 and Count 6 of the complaint; it is further

**ORDERED** that the motion of Lourdes Cordero and Thomas Cordero docketed at ECF Number 60 is **DENIED** as to Counts 1, 2, 3, 4, 7, 8, 9, 10, and 11; and it is further

**ORDERED** that Count 5 and Count 6 of the complaint are **DISMISSED** as to all defendants.

S_____
**Curtis V. Gómez**
**District Judge**