```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL,                        )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )   Civil No. 2018-29
                                       )
SAPPHIRE VILLAGE CONDOMINIUM           )
ASSOCIATION, BERNARD                   )
VANSLUYTMAN, JOANNE LEVESQUE,          )
CLARENCE LEVESQUE, LOURDES             )
CORDERO, THOMAS CORDERO, SIDNEY        )
JARVIS, NICHOLAS OVERMEYER,            )
RICHARD W. O'DELL, MICHELE             )
LANGE, TODD FARRAND, NORA              )
IBRAHIM, SARAH WHITE, ELLEN            )
HANSEN, MICHAEL BAIRD, MATTHEW         )
SWOPE, MARK MAROLF, MADLON             )
JENKINS RUDZIAK, JAMES                 )
KOULOURIS, MOUSSA MUSTAFA,             )
CLAUDIA WOLDOW                         )
                                       )
            Defendants.                )
```

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

**Michael E. Fitzsimmons**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Sapphire Village Condominium Association, Sidney Jarvis, and Michael Baird,*

**Bernard M. Vansluytman**
St. Thomas, U.S.V.I.
    *Pro se defendant,*

**John H. Benham, III**
St. Thomas, U.S.V.I.
    *For Joanne Levesque,*

**Carol Ann Rich**
Dudley & Rich
St. Thomas, U.S.V.I.
    *For Lourdes Cordero and Thomas Cordero,*

**Andrew Simpson**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
    *For Sapphire Village Condominium Owners Association, Sidney Jarvis, Michael Baird, Nicholas Overmeyer, Todd Farrand, and Michele Lange,*

**Matthew Swope**
**Nora Ibrahim**
**Moussa Mustafa**
**Sara White**
**Ellen Hansen**
**James Koulouris**
**Madlon Jenkins-Rudziak**
**Claudia A. Woldow**
    *Pro se defendants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Michael Baird ("Baird") to dismiss the instant complaint for failure to state a claim and for lack of subject-matter jurisdiction. Also before the Court is Baird's motion to quash for insufficient service.

### I. FACTUAL AND PROCEDURAL HISTORY

Sapphire Village Condominium Complex ("Sapphire Village") is a condominium complex located in St. Thomas, United States Virgin Islands. The several buildings that comprise Sapphire Village are individually named. One such building is named St.

Vincent. Wilnick Dorval ("Dorval") rents Unit 265 at Sapphire Village Condominium Complex ("Sapphire Village"). Unit 265 is in the St. Vincent building. Dorval has rented Unit 265 since October, 2015.

On May 22, 2018, Dorval commenced this civil action by filing a complaint in this Court. The complaint alleges that Sapphire Village Condominium Association ("the Association") along with other residents of Sapphire Village have conspired with each other to drive Dorval out of his apartment primarily by making excessive noise.

For example, Dorval alleges that the Association and other Sapphire Village tenants conspired to tamper with all of the screen doors in the St. Vincent building to make loud noises that reverberate through Dorval's apartment. Further, Dorval alleges that the Association has made coordinated efforts to conduct construction and repairs around Dorval's apartment to create noise. Dorval also claims that several Sapphire Village tenants follow him around St. Thomas blocking his path, harassing him, flicking their heads at him, and intentionally provoking him. Finally, Dorval claims that the Association engages in "unlawful discovery," through which Sapphire Village employees and residents search Dorval's condo and trash without his consent.

Dorval alleges that the motivation for this conduct is racial discrimination against Dorval because he is black and from Haiti. Dorval claims that, due to his race, the Association and the other defendants seek to force Dorval out of his apartment and out of the United States. Specifically, Dorval states that:

> Defendants have no legitimate non-discriminatory reason to justify their treatment of Plaintiff, rather, Defendants based their action on Plaintiff's race and national origin. Because of Defendants' discriminatory act, Plaintiff is deprived of the use of his apartment and bedroom; of the privileges and benefits of Sapphire Village Development and was denied the right to make and enforce a contract, was subject to unlawful discrimination and was denied equal treatment in a place of public accommodation.

Complaint; ECF No. 1 at 2.

The complaint alleges 11 causes of action. Count 1 and Count 2 allege violations of the Fair Housing Act. Count 3 alleges violations under 42 U.S.C. § 1981. Count 4 alleges violations under 42 U.S.C. § 1982. Count 5 alleges violations under 42 U.S.C. § 2000a. Count 6 alleges violations under 42 U.S.C. § 1985. Count 7 alleges unlawful entry, trespass, invasion of privacy, unlawful search and seizure, and conversion. Count 8 alleges violations under Virgin Islands privacy and nuisance laws. Count 9 alleges negligence. Count 10 alleges a civil and criminal conspiracy. Count 11 alleges

intentional infliction of emotional distress. In a March 29, 2019, order, the Court dismissed Counts 5 and 6.

Dorval filed a return of service which indicates that Baird was served with the complaint on May 31, 2018. ECF No. 52. Baird has not filed an answer to the complaint.

Baird now moves to dismiss the complaint for failure to state a claim and lack of subject-matter jurisdiction. Baird also moves the Court to quash service of process.

## II. DISCUSSION

### A. Motion to Dismiss

Baird moves the Court to dismiss the complaint for failure to state a claim.

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are

based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271, 131 S. Ct. 1607, 179 L. Ed. 2d 501.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A

complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

Applying the standard outlined above, the Court finds that, with respect to Baird, dismissal is not appropriate at this time.

**B. Subject-Matter Jurisdiction**

Baird also moves this Court to dismiss the complaint for lack of subject-matter-jurisdiction.

This Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most directly, a case arises under federal

law when federal law creates the cause of action asserted." Gunn v. Minton, 568 U.S. 251 (2013); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005) (explaining that 28 U.S.C. § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law"). A case also arises under federal law where the "right to relief depends upon the construction or application of federal law." See PNC Bank, N.A. v. PPL Elec. Utilities Corp., 189 Fed. Appx. 101, 104 (3d Cir. 2006) (quoting Grable & Sons Metal Prods., Inv., 545 U.S. at 313). In this case, Dorval states causes of action under six federal statutes.

Where subject-matter jurisdiction is at issue, Federal Rule of Civil Procedure 12(b)(1) provides a vehicle through which a part or the Court may test whether a case suffers for want of subject-matter jurisdiction. A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material

allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

Here, Baird has not filed an answer to the complaint. As such, the Court must take all matters alleged in the complaint as true. *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994); *Kehler v. Albert Anderson, Inc.*, Civil Action No. 16-5318 (JBS/KMW), 2017 U.S. Dist. LEXIS 58826, at *8 (D.N.J. Apr. 17, 2017).

The facts alleged by Dorval in the complaint, taken as true, support subject-matter jurisdiction.

The premises considered, it is hereby

**ORDERED** that Michael Baird's motion to dismiss docketed at ECF Number 85 is **DENIED**; it is further

**ORDERED** that to the extent Michael Baird's motion seeks to challenge the sufficiency of service, the motion is **REFERRED** to the Magistrate Judge to conduct such evidentiary hearing as is necessary.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**