```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL,                        )
                                       )
           Plaintiff,                  )
                                       )
     v.                                )   Civil No. 2018-29
                                       )
SAPPHIRE VILLAGE CONDOMINIUM           )
ASSOCIATION, BERNARD                   )
VANSLUYTMAN, JOANNE LEVESQUE,          )
CLARENCE LEVESQUE, LOURDES             )
CORDERO, THOMAS CORDERO, SIDNEY        )
JARVIS, NICHOLAS OVERMEYER,            )
RICHARD W. O'DELL, MICHELE             )
LANGE, TODD FARRAND, NORA              )
IBRAHIM, SARAH WHITE, ELLEN            )
HANSEN, MICHAEL BAIRD, MATTHEW         )
SWOPE, MARK MAROLF, MADLON             )
JENKINS RUDZIAK, JAMES                 )
KOULOURIS, MOUSSA MUSTAFA,             )
CLAUDIA WOLDOW                         )
                                       )
           Defendants.                 )
```

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
  *Pro se plaintiff,*

**Michael E. Fitzsimmons**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
  *For Sapphire Village Condominium Association, Sidney Jarvis, and Michael Baird,*

**Bernard M. Vansluytman**
St. Thomas, U.S.V.I.
  *Pro se defendant,*

**John H. Benham, III**
St. Thomas, U.S.V.I.
  *For Joanne Levesque,*

**Carol Ann Rich**
Dudley & Rich
St. Thomas, U.S.V.I.
    *For Lourdes Cordero and Thomas Cordero,*

**Andrew Simpson**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
    *For Sapphire Village Condominium Owners Association, Sidney Jarvis, Michael Baird, Nicholas Overmeyer, Todd Farrand, and Michele Lange,*

**Matthew Swope**
**Nora Ibrahim**
**Moussa Mustafa**
**Sara White**
**Ellen Hansen**
**James Koulouris**
**Madlon Jenkins-Rudziak**
**Claudia A. Woldow**
    *Pro se defendants.*

## **ORDER**

**GÓMEZ, J.**

Before the Court are Wilnick Dorval's claims against Clarence Levesque.

Wilnick Dorval ("Dorval") commenced this action by filing a complaint in this Court on May 22, 2018. The complaint names 21 defendants including Clarence Levesque. In the complaint, Dorval alleges that Clarence Levesque has owned apartment 273 in the Sapphire Village "during the relevant time of [Dorval's claims]." ECF No. 1 at 4. Dorval asserts that Clarence Levesque, pursuant to an ongoing conspiracy, leases apartment 273 to short-term tenants who make excessive noise in an effort to

harass Dorval. Dorval alleges that he served Clarence Levesque with a copy of the summons and complaint on June 5, 2018.

On March 7, 2019, Joanne Levesque filed with the Court a death certificate indicating that Clarence Levesque died in 2013. Significantly, the complaint alleges that Dorval only began living in Sapphire Village in 2015, two years after Levesque's death. On March 11, 2019, the Court ordered Dorval to show cause as to why this matter should not be dismissed with respect to Clarence Levesque.

In Dorval's response to the Court's order, Dorval does not dispute that Clarence Levesque died in 2013. Rather, Dorval argues that the information indicating that Clarence Levesque died in 2013 was not available to Dorval when he filed this action. Dorval also reasserts that--despite the difficulties associated with serving a deceased individual--Dorval properly served Clarence Levesque on June 5, 2018. Dorval states: "if the court [finds] that Joanne Levesque[] is the successor of Clarence Levesque's interest, I hereby request leave to file a motion to substitute Joanne Levesque as successor of Clarence Levesque." ECF 513 at 2.

Dorval fails to provide any basis as to why this action legally should be maintained against Clarence Levesque, who was not alive when any of the relevant events transpired. Dorval has also failed to provide any reason why Joanne Levesque should be

substituted as a successor of Clarence Levesque at this stage. The Court expects all parties to exercise some level of due diligence prior to naming a party as a defendant in an action. It is unclear whether that level of due diligence was undertaken here with respect to Clarence Levesque and Joanne Levesque.

The premises considered, it is hereby

**ORDERED** that Wilnick Dorval's motion to substitute Joanne Levesque as a successor of Clarence Levesque docketed at ECF Number 13 is **DENIED**; and it is further

**ORDERED** that Wilnick Dorval's complaint is **DISMISSED** with respect to Clarence Levesque.

S\_____
**Curtis V. Gómez
District Judge**