```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civil No. 2018-29
                                   )
SAPPHIRE VILLAGE CONDOMINIUM       )
ASSOCIATION, BERNARD               )
VANSLUYTMAN, JOANNE LEVESQUE,      )
CLARENCE LEVESQUE, LOURDES         )
CORDERO, THOMAS CORDERO, SIDNEY    )
JARVIS, NICHOLAS OVERMEYER,        )
RICHARD W. O'DELL, MICHELE         )
LANGE, TODD FARRAND, NORA          )
IBRAHIM, SARAH WHITE, ELLEN        )
HANSEN, MICHAEL BAIRD, MATTHEW     )
SWOPE, MARK MAROLF, MADLON         )
JENKINS RUDZIAK, JAMES             )
KOULOURIS, MOUSSA MUSTAFA,         )
CLAUDIA WOLDOW                     )
                                   )
          Defendants.              )
```

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
   *Pro se plaintiff,*

**Michael E. Fitzsimmons**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
   *For Sapphire Village Condominium Association, Sidney Jarvis, and Michael Baird,*

**Bernard M. Vansluytman**
St. Thomas, U.S.V.I.
   *Pro se defendant,*

**John H. Benham, III**
St. Thomas, U.S.V.I.
   *For Joanne Levesque,*

**Carol Ann Rich**
Dudley & Rich
St. Thomas, U.S.V.I.
    *For Lourdes Cordero and Thomas Cordero,*

**Andrew Simpson**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
    *For Sapphire Village Condominium Owners Association, Sidney Jarvis, Michael Baird, Nicholas Overmeyer, Todd Farrand, and Michele Lange,*

**Matthew Swope**
**Nora Ibrahim**
**Moussa Mustafa**
**Sara White**
**Ellen Hansen**
**James Koulouris**
**Madlon Jenkins-Rudziak**
**Claudia A. Woldow**
    *Pro se defendants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Complaint filed by Wilnick Dorval.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 22, 2018, Wilnick Dorval ("Dorval") commenced this civil action by filing a complaint in this Court. The Complaint names 21 defendants: Sapphire Village Condominium Association, Bernard Vansluytman, Joanne Levesque, Clarence Levesque, Lourdes Cordero, Thomas Cordero, Sidney Jarvis, Nicholas Overmeyer, Richard W. O'Dell, Michele Lange, Todd Farrand, Nora Ibrahim, Sarah White, Ellen Hansen, Michael Baird, Matthew Swope, Mark

Marolf, Madlon Jenkins-Rudziak, James Koulouris, Moussa Mustafa, and Claudia Woldow.

On March 4, 2019, the Court noted that the docket contained no proof of service on Richard O'Dell, Mark Marolf, Matthew Swope, Nora Ibrahim, Moussa Mustafa, Ellen Hansen, or James Koulouris (collectively referred to as the "unserved defendants"). The Court ordered Dorval to file proof of service on the unserved defendants or show cause as to why this action should not be dismissed as to those defendants for lack of timely service by March 8, 2019.

On March 5, 2019, Dorval filed a motion seeking leave to serve the unserved defendants. Dorval asserted that after asking "Carol Mertens, Office Coordinator, and Gary Mertens, General Property Manager, at Sapphire Village Condominium Owners Association" and hiring a process server, Dorval has been unable to locate the home addresses of Richard O'Dell, Mark Marolf, Nora Ibrahim, Moussa Mustafa, Ellen Hansen, or James Koulouris. There is no indication that Dorval has made any further attempts to locate or serve these defendants.

Dorval also asserted that he properly served Matthew Swope on August 13, 2018. As evidence of service on Swope, Dorval points to a proof of service docketed at ECF Number 134. That

document, filed on August 21, 2018, indicates that the process server was unable to serve Matthew Swope.

On March 28, 2019, Dorval moved for an entry of Default against Matthew Swope. On July 2, 2019, the Magistrate Judge denied that motion because there was no evidence in the record that Matthew Swope had been properly served. The Magistrate Judge ordered "that Dorval shall have until July 17, 2019, to perfect service." *See* ECF No. 895 at 6.

On July 26, 2019, Dorval filed a proof of service for Matthew Swope. In that document, the process server asserted that on July 9, 2019, he "left the summons at [Matthew Swope]'s residence or usual place of abode with . . . PATSY SWOPE, a person of suitable age and discretion who resides there." *See* ECF No. 994.

## II. DISCUSSION

Federal Rule of Civil Procedure 4 ("Rule 4") outlines the requirements for service of process. With respect to service on an individual located in a judicial district of the United States, Rule 4(e) provides that service may be made by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;

> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). With respect to service on a corporation, partnership, or association located in a judicial district of the United States, Rule 4(h) provides that service may be made

> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h).

Rule 4(m) dictates the timing of service. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rule 4(l) governs proof of service. Rule 4(l) provides that, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or

deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). The burden of proof to show that service is sufficient is on the plaintiff. *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513-14 (3d Cir. 1971).

### III. ANALYSIS

Dorval has never served Richard O'Dell, Mark Marolf, Nora Ibrahim, Moussa Mustafa, Ellen Hansen, or James Koulouris. The record indicates that Matthew Swope was served on July 9, 2019--413 days after Dorval filed his complaint. As such, Dorval has failed to serve each of these defendants within 90 days of filing his complaint, as required by Rule 4(m).

The Court's finding that Dorval failed to comply with Rule 4(m) does not necessarily require the Court to dismiss the claims against the unserved defendants. Even after a district court finds that the plaintiff failed to comply with Rule 4(m), the

> District Court must extend the time for service . . . where a plaintiff demonstrates good cause for the failure to timely serve the defendant. Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time.

*Maltezos v. Giannakouros*, 522 Fed. App'x 106, 108 (3d Cir. 2013) (citations omitted).

In determining whether good cause exists for an extension, the Court considers (1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; and (3) whether the plaintiff has moved for an enlargement of time. *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Ultimately, good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Id.* (quoting *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1312 (3d Cir.1995) (Becker, J., concurring in part and dissenting in part)).

With respect to Dorval's efforts to effect service, Dorval argues that he has made diligent efforts to serve the defendants, including paying a "process service company" to locate appropriate addresses for the defendants. Dorval does not allege that any defendants have attempted to evade service. Significantly, Dorval has had well over a year to properly serve the defendants. Indeed, Dorval should be familiar with these defendants, as he previously filed an action against the same defendants in June of 2016. *Dorval v. Sapphire Vill. Condo. Ass'n*, No. 2016-50, 2018 U.S. Dist. LEXIS 81287, at *2 (D.V.I. May 15, 2018). That action was dismissed as to all but one

defendant for failure to comply with Rule 4(m). In any event, the Court finds that Dorval's efforts to effect service were not reasonable.

With respect to prejudice to the defendants, "justice . . . requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196-97 (3d Cir. 1998). For this reason, "[t]here comes a time when delay in proper service is prejudicial to the opposing party. An elapse in time results in witness unavailability, events forgotten and documentation lost." *Okagbue-Ojekwe v. Fed. Bureau of Prisons*, No. 03-CV-2035-NLH-JS, 2010 WL 3947528, at *3 (D.N.J. Oct. 7, 2010).

Dorval commenced this action over a year ago. Dorval began litigating this cause of action over three years ago. In that time, only Matthew Swope has been properly served, and he was served for the first time 413 days after Dorval filed his complaint in Civil Case Number 2018-29 and over three years after he was first named as a defendant in Civil Case Number 2016-50. The Court finds that this period of time is extremely prejudicial.

Considering the third factor, the Court notes that Dorval has filed two motions for an extension of time to serve. The

first motion for an extension was filed before the Rule 4(m) 90-day deadline expired. The second motion for an extension was only filed after the Court's show cause order on March 4, 2019, over six months after the time to properly serve the defendants expired. Further, Dorval's latest motion for an extension does not provide a satisfactory explanation for why the defendants were not served in compliance with Rule 4(m).

Considering the three factors together, the Court holds that Dorval has not demonstrated good cause justifying an extension of time to effect service.

Although Dorval has failed to demonstrate good cause for his failure to serve, this does not end the Court's analysis. A "district court must consider whether any other factors warrant extending time even though good cause was not shown." *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1307 (3d Cir. 1995). In assessing whether the Court should grant a discretionary extension, the Court must consider the following factors:

> actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d Cir. 2009).

The first factor the Court considers is actual notice. *Id.* There is no indication in the record that Richard O'Dell, Mark Marolf, Nora Ibrahim, Moussa Mustafa, Ellen Hansen, and James Koulouris are aware of Dorval's claims. With respect to these defendants, the first factor weighs in favor of dismissal. As for Matthew Swope, Dorval has provided some evidence that Swope has notice of this action. Accordingly, this factor weights in favor of an extension.

Next, the Court considers whether granting an extension would prejudice the defendants. *See Chiang*, 331 Fed. App'x at 116. As the Court observed above, the defendants have been prejudiced in their ability to defend this case by the length of time during which with these defendants have not received proper service. Accordingly, this factor weighs in favor of dismissal.

The third factor the Court considers is whether the statute of limitations on the plaintiff's claims have run. Dorval asserts a multitude of tort claims arising out racial discrimination Dorval alleges he has suffered at his residence, including violations of the Fair Housing Act, violations of Virgin Islands Civil Rights Act, private nuisance, and intentional infliction of emotional distress. Dorval alleges

that this conduct is ongoing and the result of a conspiracy designed to drive Dorval from his home. As such, the statutes of limitations for Dorval's claims are tolled by the "continuing violations doctrine." *See, e.g.*, *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001); *Brouillard v. DLJ Mortg. Capital, Inc.*, No. S.CT.CIV. 2014-0063, 2015 WL 6549224, at *4 (V.I. Oct. 28, 2015). Accordingly, this factor weighs in favor of dismissal.

The fourth factor the Court considers is the behavior of the defendants. *See Chiang,* 331 Fed. App'x, at 116. After reviewing the record, this does not appear to be a case in which the defendants were evasive or uncooperative. *Cf. United States v. Nuttall,* 122 F.R.D. 163, 165 (D.Del.1988) (permitting extension of time to serve when the defendant informed process server that he was "not willing to make it easy," "stated that he would refuse service," and could not be served at his residence despite eighteen attempts). This factor, therefore, favors dismissal.

The fifth factor the Court considers is whether the plaintiff was represented by counsel. *See Chiang,* 331 Fed. App'x at 116. Dorval is a *pro se* litigant, and accordingly, this factor favors him. However, Dorval has been litigating against these defendants for over two years and has pursued claims in several different actions in this Court. *See, e.g.*, *Dorval v.*

*Moe's Fresh Market, et al.*, Civil Case No. 16-6 (D.V.I. July 18, 2016; *Dorval v. Sessions, et al.*, Civil Case No. 17-37 (D.V.I. May 30, 2017); *Dorval v. Fitzsimmons, et al.*, Civil Case No. 18-15 (D.V.I. March 5, 2018).

In this light, Dorval is an experienced *pro se* litigant. Under these circumstances, the Court finds the weight of the fifth favor is diminished. *See Snyder v. Swanson*, 371 Fed. App'x 285, 287 (3d Cir. 2010) (noting that district court properly accorded the fifth factor less weight because, "although [the plaintiff] [wa]s proceeding *pro se,* by his own account, he [wa]s an experienced litigant").

Considering these factors together, the Court does not believe an extension of time to serve is appropriate at this stage in these proceedings.

The premises considered, it is hereby

**ORDERED** that Dorval's complaint is **DISMISSED** with respect to Richard O'Dell, Mark Marolf, Nora Ibrahim, Moussa Mustafa, Ellen Hansen, and James Koulouris; and it is further

**ORDERED** that the deadline for service of process is extended *nunc pro tunc* to July 9, 2019.



**Curtis V. Gómez**
**District Judge**

*Dorval v. Sapphire Village Condominium Owners Association, et al*
Civ. No. 2018-29
ORDER
Page 13

*Dorval v. Sapphire Village Condominium Owners Association, et al*
Civ. No. 2018-29
ORDER
Page 13