NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| WILNICK DORVAL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SAPPHIRE VILLAGE CONDOMINIUM ASSOCIATION *et al.*,<br><br>　　　　　　Defendants. | Civ. No. 18-29<br>(Consolidated with<br>Civ. No. 16-50,<br>Civ. No. 18-15,<br>Civ. No. 18-32, and<br>Civ. No. 19-23)<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon the Motion for Summary Judgment and Motion to Dismiss filed by Defendant Claudia Woldow (ECF No. 1108) and the Motion for Joinder filed by Defendant Joanne Levesque (ECF No. 1113). The Court has decided the Motions upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the Motion for Joinder is granted and the Motion for Summary Judgment and Motion to Dismiss is granted in part and denied in part.

## **BACKGROUND**

The Court assumes that the parties are familiar with the background facts of this case. On May 22, 2018, Plaintiff, *pro se*, filed the Complaint alleging the following claims against twenty-one defendants associated with the Sapphire Village Condominium Complex ("Sapphire

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Village"): violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* and 42 U.S.C. § 3617 (Counts 1 and 2) (Compl.¶¶ 5.1.1–5.2.10); violations under 42 U.S.C. § 1981 (Count 3) (Compl.¶¶ 5.3.1–5.3.10); violations under 42 U.S.C. § 1982 (Count 4) (Compl.¶¶ 5.4.1–5.4.8); violations under 42 U.S.C. § 2000a (Count 5) (Compl. ¶¶ 5.5.1–5.5.3;) violations under 42 U.S.C. § 1985 (Count 6) (Compl. ¶¶ 5.6.1–5.6.8); unlawful entry, trespass, invasion of privacy, unlawful search and seizure, and conversion in violation of the Fourth Amendment of the United States Constitution (Count 7) (Compl. ¶¶ 5.7.1–5.7.9); private nuisance (Count 8) (*id.* ¶¶ 5.8.1–5.8.9); negligence (Count 9) (*id.* ¶¶ 5.9.1–5.9.7); civil and criminal conspiracy to violate the FHA (Count 10) (*id.* ¶¶ 5.10.1–5.10.4); and intentional infliction of emotional distress (Count 11) (*id.* ¶¶ 5.11.1–5.11.6). On March 30, 2019 the Court dismissed Counts 5 and 6 of the Complaint. (ECF No. 534.)

On August 31, 2019, Defendant Claudia Woldow, a former tenant at Sapphire Village, filed the present Motion for Summary Judgment and Motion to Dismiss. (ECF No. 1108.) Defendant Woldow's main argument is that Plaintiff's claims are "so attenuated and unsubstantial as to be absolutely devoid of merit" such that the Court lacks subject-matter jurisdiction. (Mot. for Summ. J. at 9, ECF No. 1108.) On September 3, 2019, Plaintiff Wilnick Dorval ("Plaintiff") filed an Opposition to this Motion. (ECF No. 1111.) On the same day, Defendant Joanne Levesque, a former owner of a unit at Sapphire Village, filed a Motion for Joinder in Defendant Woldow's Motion for Summary Judgment and Motion to Dismiss ("Motion for Joinder"). (ECF No. 1113.) On September 4, 2019, Plaintiff filed an Opposition to the Motion for Joinder. (ECF No. 1115.) On September 5, 2019, Defendant Woldow filed a transcript of the Deposition of Plaintiff in support of her Motion for Summary Judgment and Motion to Dismiss. (ECF No. 1126.)

A bench trial was held in this matter, along with the consolidated cases Civ. Nos. 18-15, 18-29, 18-32, and 19-23, from January 6, 2020 through January 8, 2020. The parties delivered summations telephonically on January 17, 2020. The Court has not yet issued its final Judgment.

## DISCUSSION

**I.      Motion for Joinder**

Defendant Leveque filed her Motion for Joinder (ECF No. 1113) just four days after Defendant Woldow filed her Motion for Summary Judgment and Motion to Dismiss. The Motion for Joinder does not introduce any new arguments, and instead incorporates the arguments set out in Defendant Woldow's Motion. (*See* Mot. for Joinder at 1–2, ECF No. 1113.) Because of the timeliness of filing and the lack of new arguments, the Motion for Joinder (ECF No. 1113) is granted. *Cf. People v. Roberts*, 70 V.I. 168, 173–74 (V.I. Super. Ct. 2019) (favoring joinder when it is filed as early as possible and does not "raise new or different arguments than those raised in the motion or opposition" that the party seeks to join).

**II.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Defendant Woldow and Defendant Levesque argue that Plaintiff's claims must be dismissed for lack of subject-matter jurisdiction under the substantiality doctrine. (Mot. for Summ. J. at 5–6; Mot. for Joinder at 1–2.) This doctrine permits dismissal of a claim for lack of subject-matter jurisdiction when the claim is "so attenuated and insubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." *Allen v. Am. Fed'n of Gov't Emps. AFL-CIO*, 276 F. App'x 197, 199 (3d Cir. 2008) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Allegations that meet this standard are those that make out "fantastic scenarios" that "lack[ ] any arguable factual basis." *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009).

The Third Circuit has affirmed the dismissal of several cases under the substantiality doctrine where the claims involved far-fetched conspiracy theories. *See, e.g.*, *Allen*, 276 Fed. App'x at 198–99 (affirming in part district court's dismissal of conspiracy claims pursuant to the substantiality doctrine where plaintiff alleged "a widespread conspiracy to permit and assist in the rape, torture, and abuse of white Christian inmates, including himself, by their black Muslim counterparts"); *DeGrazia*, 316 F. App'x at 172–73 (upholding district court's *sua sponte* dismissal where plaintiff alleged he was "the victim of a government-run, Nazi-designed genetic experiment"); *Mina v. Chester Cty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (upholding district court's dismissal where plaintiff alleged a twenty-year conspiracy orchestrated by a group of sixty-two defendants that included the planting of devices on his body and a cover-up of the death of an FBI agent's wife). However, the Third Circuit has noted its preference that the district court wait until after service of process has been made, and until the plaintiff has been given notice and an opportunity to respond, before dismissing conspiracy claims for lack of subject-matter jurisdiction. *See Allen*, 276 F. App'x at 199.

In his deposition, Plaintiff claims that, in addition to all of the Defendants named in this case, members of the Federal Bureau of Investigation ("FBI"), Central Intelligence Agency ("CIA"), Immigration and Customs Enforcement ("ICE"), and the Navy have been conspiring to harass him since high school because he is black and from Haiti, and that they have followed him from New Jersey to New York, Florida, and the Virgin Islands. (Pl.'s Dep. at 55:13–64:9, ECF No. 1126.)[2] Plaintiff claims these individuals seek to "disable and discredit [him] because of their post 9/11 harassment, which will lead . . . the evidence will lead to the CIA and the Navy

---

[2] Even though Defendant Woldow did not initially attach Plaintiff's Deposition transcript to her Motion, and instead filed it several days later, the Court will still consider the contents of Plaintiff's deposition.

blowing up the World Trade Center." (*Id.* at 64:10–18.) Plaintiff states that he is one of a few people who know the truth about 9/11 (*id.* at 240:24–241:22), and that because of this, these individuals are trying to "deport[ ] [him] to Haiti so they could kill [him] there" (*id.* at 244:18–25.) Plaintiff also contends that these individuals wanted to frame him for 9/11 and refers to the following incidents in support of this claim: (i) that while a student at Rutgers University, he had a Muslim roommate (*id.* at 252:22–254:6); (ii) that Mexican men were selling newspapers at Newark airport (*id.* at 242:3–244:10); (iii) that on July 4, 2001, he drove into New York City and there was no traffic on the highway (*id.* at 246:1–250:6); and (iv) that a woman named Odelia Sanchez once asked Plaintiff to eat lunch with her at a park near the World Trade Center (*id.* at 250:7–251:11). Plaintiff also believes that the government has imposed a gag order on him that prevents other people from providing him with information on 9/11 and the harassment against him. (*Id.* at 254:15–257:9.)[3] Additionally, in Defendant's Opposition to the current Motion, he claims that Defendants were responsible for the murder of Judge Sheila Abdus-Salaam in New York City. (Opp'n at 17–18, ECF No. 1111.)

Plaintiff has filed a number of similar lawsuits alleging conspiracies to racially discriminate against Plaintiff, including one against the United States Postal Service, Security and Exchange Commission, Department of Justice, ICE, FBI, Jefferson Sessions, III, Preetinder Bharara, James Comey, Andrew McCabe, and Mary Jo White, among others.[4] *See Dorval v.*

---

[3] In the consolidated case, *Dorval v. Sapphire Village* et al., Civ. No. 16-50, Plaintiff filed a Motion for a Writ of Mandamus to Unseal and Vacate or Modify the Government's Gag Order, in which Plaintiff expresses his belief that a long list of federal agencies and officials has imposed a sealed gag order on him that prevents him from speaking with his friends, family, lawyer, and medical providers. (Civ. No. 16-50, ECF No. 366.) The Court denied this Motion because it could not find that such a gag order existed. (Civ. No. 16-50, ECF No. 665.)
[4] Plaintiff has also filed claims of a racial discrimination in *Dorval v. Moe's Fresh Market*, Civ. No. 16-61 and *Dorval v. Office Depot Inc.*, Civ. No. 18-97. In both cases, the Court found that Plaintiff failed to prove that any racial harassment had occurred. (*See* Civ. No. 16-61, Op. at 3–6,

5

*Sessions*, 2018 WL 2224051, at *1 (D.V.I. May 15, 2018). In that case, Plaintiff alleged the same harassment involving the slamming of doors at Sapphire Village that is at issue in this case. *Id.*, at *4. Plaintiff also made similar allegations as to the existence of a sealed, government-imposed gag order. *Id.* at *5 n.3. The Court dismissed *Dorval v. Sessions* et al. under the substantiality doctrine, finding that Plaintiff's allegations described a "fantastic scenario" that fell squarely within the category of cases described above. *Id.* at *2–5.

In this case, the Court finds that Plaintiff's allegations regarding a conspiracy to harass and racially discriminate against Plaintiff are clearly devoid of merit. Additionally, Plaintiff has been given adequate notice and opportunity to respond to the present Motion. For these reasons, Plaintiff's racial discrimination and conspiracy claims embodied in Counts 1, 2, 3, 4, and 10 of the Complaint are dismissed for lack of subject-matter jurisdiction.

## III. Motion for Summary Judgment

The Court will now assess the remaining counts under the summary judgment standard. Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* "[I]nferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). Summary judgment should

---

ECF No. 291; Civ. No. 18-97, Findings at 4, ECF No. 64.) Plaintiff filed another racial discrimination claim in *Dorval v. KAC 357 Inc.*, Civ. No. 18-95, which is still pending.

be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 248–49. Similarly, the Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

    A.    *Unlawful Entry, Trespass, Unlawful Search and Seizure (Count 7)*

Count 7 of the Complaint alleges acts taken solely by the Sapphire Village Owners Association (the "Association") and its employees. (*See* Compl. ¶¶ 5.7.1–5.7.9.) Plaintiff does not allege that Defendant Woldow was a member of the Association or one of its employees. Plaintiff does allege, however, that Defendant Levesque was a member of the Association (*id.* ¶ 2.10), which Defendant Levesque denied in her Answer (Levesque Answer at ¶3, ECF No. 567). Plaintiff does not provide any evidence to show that Defendant Levesque was an Association member, nor does he state this belief in his Affirmation attached to his Opposition to Defendant Levesque's Motion for Joinder. Therefore, the Court grants summary judgment to Defendant Woldow and Defendant Levesque with respect to Count 7 of the Complaint.

    B.    *Private Nuisance (Count 8)*

With regard to Plaintiff's private nuisance claim, 28 V.I.C. § 331 states that "[a]ny person whose property is affected by a private nuisance, or whose personal enjoyment thereof is in like manner thereby affected, may maintain an action for damages therefor [and may also obtain injunctive relief]." "Private nuisance" is not defined by statute, but Virgin Islands courts have applied the Restatement (Second) of Torts to determine whether a nuisance has occurred. *Bermudez v. V.I. Tel. Corp.*, 54 V.I. 174, 185, 192 (V.I. Super Ct. 2011); *Alleyne v. Diageo USVI, Inc.*, 63 V.I. 384, 403–04 (V.I. Super. Ct. 2015). The Restatement defines private nuisance

as "a nontrespassory invasion of another's interest in the private use and enjoyment of land," and requires a private nuisance to cause "significant harm, of a kind that would be suffered by a normal person in the community or by property in normal condition and used for a normal purpose." Restatement (Second) of Torts §§ 821D, 821F (Am. Law Inst. Nov. 2018 update). Additionally, "a private nuisance must be either intentional or unreasonable; or unintentional but negligent, reckless, or abnormally dangerous." *Tutein v. InSite Towers, LLC*, 2018 WL 6599163, at *4 (D.V.I. Dec. 17, 2018) (citing Restatement (Second) of Torts § 822).

Plaintiff alleges that Defendants made "excessive noise disturbances" that interfered with the enjoyment of his apartment. (Compl. ¶ 5.8.4.) In an Affirmation attached to Plaintiff's Opposition to the Motion for Summary Judgment and Motion to Dismiss, he states that Defendant Woldow "deliberately and purposely slammed the front and screen doors of her apartment repeatedly" and made "loud banging, stumping, and screaking noise disturbances." (Pl.'s Affirmation ¶ 4, ECF No. 1111-1.) Plaintiff filed a second Affirmation attached to his Opposition to Defendant Levesque's Motion for Joinder, in which he states that Defendant Levesque's tenants also made noise disturbances. (Pl.'s 2d Affirmation ¶ 3, ECF No. 1115-1.) Plaintiff claims that he has video recordings of these noises. (Pl.'s Affirmation ¶ 1.1; Pl.'s 2d Affirmation ¶ 1.1.) Defendant Woldow, in an Affidavit attached to the present Motion, states that she did not make any loud banging or screaking noises while living at Sapphire Village. (Def.'s Aff. ¶ 6., ECF No. 1108-1.) Defendant Levesque does not address these allegations in her Motion for Joinder. Accordingly, there remains a dispute of a material fact, and summary judgment is denied as to Count 8.

C. *Negligence (Count 9)*

A negligence claim requires four elements: "(1) a legal duty of care to the plaintiff, (2) a

breach of that duty of care by the defendant (3) constituting the factual and legal cause of (4) damages to the plaintiff." *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (2014). A negligence per se action can be premised on the violation of private nuisance laws. *See, e.g.*, *Alleyne*, 63 V.I. at 402 (upholding a negligence claim premised on the theory "that Defendants had a duty to follow the laws of the Virgin Islands, specifically the laws against . . . private nuisance" and that "Defendants breached their duties to Plaintiffs by failing to abate the nuisance").

The Complaint alleges that Defendants had a duty not to "make excessive noise disturbances" and that they breached this duty when they "wantonly, maliciously and recklessly made excessive noise disturbances." (Compl. ¶¶ 5.9.2–5.9.3.)[5] As stated above, the parties disagree as to whether Defendant Woldow or the tenants of Defendant Levesque made excessive noise disturbances. Therefore, summary judgment is denied as to Count 9.

    D.     *Intentional Infliction of Emotional Distress (Count 11)*

"To state a claim for intentional infliction of emotional distress, the plaintiff must allege that the defendant, by her extreme and outrageous conduct, intentionally or recklessly caused the plaintiff severe emotional distress." *Nino v. Jewelry Exch., Inc.*, 50 V.I. 929, 932 (D.V.I. 2008) (citing Restatement (Second) of Torts § 46). The plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in civilized society." Restatement (Second) of Torts § 46 cmt. d.

---

[5] Plaintiff alleges several other acts of negligence, including failure to provide notice of construction and sending letters to owners, tenants, and his landlord that falsely characterized Plaintiff as a criminal. (Compl. ¶¶ 5.9.3–5.9.5.) However, these actions were allegedly taken by the Association and not by Defendant Woldow or Defendant Levesque. Therefore, the Court does not consider them here.

The Complaint alleges that Defendants "acted intentionally and/or recklessly when they purposely and deliberately made excessive noise disturbances," which caused Plaintiff to suffer severe emotional distress. (Compl. ¶¶ 5.11.2–5.11.6.)[6] As stated above, there is a dispute as to whether Defendant Woldow or the tenants of Defendant Levesque made excessive noise. Regardless, "extreme and outrageous conduct" is a "high bar to meet," *Tutein*, 2018 WL 6599163, at *6, and Plaintiff's allegations of door slamming do not rise to the level of extreme and outrageous conduct necessary for a finding of intentional infliction of emotional distress. For this reason, the Court grants summary judgment to Defendant Woldow and Defendant Levesque with respect to Count 11.

## CONCLUSION

Defendant Levesque's Motion for Joinder (ECF No. 1113) is granted. Defendant Woldow's Motion for Summary Judgment and Motion to Dismiss (ECF No. 1108) is granted in part and denied in part.

Date: February 25, 2020                  */s/ Anne E. Thompson*
                                                                        ANNE E. THOMPSON, U.S.D.J.

---

[6] Plaintiff alleges a number of other acts to support his claim of intentional infliction of emotional distress, such as the use of racial slurs, assault and battery, threats of incarceration, and other forms of harassment. (*Id.* ¶¶ 5.11.2–5.11.3.) However, Plaintiff has not alleged that Defendant Woldow or Defendant Levesque committed any of these acts, and so the Court does not consider them here.