NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL,

        Plaintiff,

v.

SAPPHIRE VILLAGE CONDOMINIUM
OWNERS ASSOCIATION *et al.*,

        Defendants.

Civ. No. 18-29

**OPINION**

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Attorney's Fees and Costs filed by Defendant Joanne Levesque. (ECF No. 1382.) Plaintiff Wilnick Dorval ("Plaintiff") has not opposed. The Court has decided the Motion upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant Levesque's Motion is granted in part and denied in part.

## BACKGROUND

This case arises out of Plaintiff's claims alleging that Defendant Levesque, along with other tenants, owners, and board members of the Sapphire Village Condominium complex ("Sapphire Village"), harassed and racially discriminated against Plaintiff. (Compl. ¶¶ 4.1.1–4.2.10, ECF No. 1.) Defendant Levesque was the owner of a unit at Sapphire Village during the relevant time period. (*Id.* ¶ 2.10.) Plaintiff alleged eleven counts against all Defendants: (1) violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and 10 V.I.C. § 64 (*id.* ¶¶

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

5.1.1–5.1.15); (2) violations of the FHA, 42 U.S.C. § 3617 *et seq.*, and 10 V.I.C. § 64 (*id.* ¶¶ 5.2.1–5.2.10); (3) violations of 42 U.S.C. § 1981 *et seq.* and 10 V.I.C. § 64 (*id.* ¶¶ 5.3.1–5.3.10); (4) violations of 42 U.S.C. § 1982 *et seq.* and 10 V.I.C. § 64 (*id.* ¶¶ 5.4.1–5.4.8); (5) violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000a (*id.* ¶¶ 5.5.1–5.5.3); (6) violations of 42 U.S.C. § 1985 and the Fourteenth Amendment (*id.* ¶¶ 5.6.1–5.6.8); (7) unlawful entry, trespass, invasion of privacy, unlawful search and seizure in violation of the Fourth Amendment, and conversion (*id.* ¶¶ 5.7.1–5.7.9); (8) private nuisance (*id.* ¶¶ 5.8.1–5.8.9); (9) negligence and gross negligence (*id.* ¶¶ 5.9.1–5.9.7); (10) civil and criminal conspiracy to violate the FHA (*id.* ¶¶ 5.10.1–5.10.4); and (11) intentional infliction of emotional distress (*id.* ¶¶ 5.11.1–5.11.6).

On June 20, 2018, the Court dismissed Counts Five and Six of the Complaint as to all Defendants. (ECF No. 534.) On August 31, 2019, Defendant Claudia Woldow filed a Motion for Summary Judgment, which Defendant Levesque joined. (ECF Nos. 1108, 1113.) The Court granted in part and denied in part Defendants Woldow's Motion, dismissing Counts One, Two, Three, Four, and Ten of the Complaint for lack of subject-matter jurisdiction and entering judgment in favor of Defendants Woldow and Levesque with respect to Counts Seven and Eleven of the Complaint. (ECF No. 1367.) Plaintiff filed four cases with related allegations, which were consolidated with the present case for trial. (ECF No. 1294.) A bench trial was held on January 6–8, 2020. On February 26, 2020, the Court issued its Findings of Fact and Conclusions of Law (ECF No. 1378) and entered Judgment in favor of Defendant Levesque on the remaining counts against her (ECF No. 1379).

On March 10, 2020, Defendant Levesque filed the present Motion for Attorney's Fees and Costs. (ECF No. 1382.) Defendant Levesque requests $15,105.00 in attorney's fees and $325.66 in costs. (Def.'s Br. at 6, ECF No. 1383.) Defendant Levesque's attorney, John Benham,

is the sole shareholder of his law practice and submits that he spent 50.45 billable hours on this case at an hourly rate of $300.00. (Benham Decl. at 1, 4, Ex. A, ECF No. 1383-1.) Plaintiff has not opposed. The Motion for Attorney's Fees and Costs is presently before the Court.

## **LEGAL STANDARD**

Within fourteen days of the entry of judgment, a party may move for attorney's fees, specifying the legal grounds entitling it to fees and an estimate of the amount sought. Fed. R. Civ. P. 54(d)(2)(A)–(B). Generally, absent legislation to the contrary, litigants must bear their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). However, § 3613(c)(2) of the FHA allows a prevailing party to recover "reasonable attorney's fees and costs." Similarly, 42 U.S.C. § 1988(b) allows for the awarding of attorney's fees and costs in any action to enforce a provision of § 1981, § 1982, or § 1985. For a prevailing defendant to recover fees and costs in these types of actions, the Court must find that the action was "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978); *see also Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012) (applying the *Christiansburg* rule to § 3613(c)(2)); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (applying the *Christiansburg* rule to § 1988(b)). Additionally, 5 V.I.C. § 541(b) allows recovery of attorney's fees for claims brought under Virgin Islands territorial law, but not federal law. *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 312–13 (3d Cir. 2014).

The fee awarded should be "a fair and reasonable portion of [the] attorney's fees incurred in the prosecution or defense of the action." *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969). To determine reasonableness, the Court considers "the time and labor involved, skill required, customary charges for similar services, benefits obtained from the

service, and the certainty of compensation." *M & T Bank v. Soto*, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008)). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. "First, the Court determines whether the hours billed were 'reasonably expended,' excluding time billed that is 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Berne Corp. v. Gov't of V.I.*, 2012 WL 369535, at *10 (D.V.I. Feb 3, 2012)). Second, the Court determines "whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The burden of proving that a request for attorney's fees is reasonable rests on the party seeking the fees. *Rode*, 892 F.2d at 1183.

## **DISCUSSION**

Defendant Levesque prevailed on all of Plaintiff's claims against her. As a preliminary matter, the Court must decide whether Defendant Levesque can recover fees and costs for the federal claims at issue. The federal claims are contained in Counts One through Six of the Complaint, which alleged violations of the FHA (§§ 3601, 3617), § 1981, § 1982, § 1985, and § 2000a. To recover fees and costs on these claims, the Court must find that Plaintiff's claims were frivolous or without foundation. *See Christiansburg*, 434 U.S. at 421–22. Plaintiff's claims clearly lacked merit: Plaintiff provided no evidence at trial indicating a conspiracy among the Defendants to discriminate against Plaintiff, and Plaintiff revealed in his testimony that he believed the alleged actions were part of a larger conspiracy orchestrated by various branches of the federal government. (*See* Findings at 17–22, ECF No. 1378.) Accordingly, Defendant Levesque can recover on the federal claims. Because recovery for the territorial claims is also

4

permitted under 5 V.I.C. § 541(b), the Court finds that Defendant Levesque can recover fees and costs for all of Plaintiff's claims.

I. **Attorney's Fees**

To calculate attorney's fees, the Court must first look to whether the hours are reasonable given the length of the case, the number of filings, and the complexity of the claims. In this case's two-year span, Plaintiff filed countless motions. However, the majority of these motions lacked merit, were duplicative, or were directed at other Defendants, such that they required little time and attention by defense counsel. Therefore, defense counsel appropriately spent the majority of his billable hours on discovery and trial. (Benham Decl. at 3–4.) Defense counsel's recorded time for each of his activities appear reasonable, and thus are accepted by the Court.

Next, the Court must determine a reasonable hourly rate. "Virgin Islands courts 'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Soto*, 2015 WL 1529587 at *4 (citing *Anthony* ex rel. *Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012)). Defendant proposes a rate of $300.00 per hour. While this is at "the upper end of reasonableness in the Virgin Islands," *Arrow-Pocono Lines, Inc. v. Land*, 2016 WL 2637819, at *5 (D.V.I. May 6, 2016), it is within the range of reasonableness and therefore the Court will accept it. Accordingly, Defendant is granted $15,105.00 in attorney's fees.

II. **Costs**

Defendant Levesque submits that she incurred costs of $325.66 during the course of this litigation. (Def.'s Br. at 6.) This amount consists of (i) $310.66 spent on Court-ordered mediation on August 15, 2019; and (ii) an unspecified amount spent on a certified copy of the deed

conveying her unit to Jack and Melissa Tinsley, which was used as an exhibit. (*Id.* at 5.)[2] Regarding the deed, 5 V.I.C. § 541(a) allows a prevailing party to recover the "expense of copying any public record, book, or document used as evidence." Therefore, the $15.00 spent on the certified copy of the deed is a reasonable cost that Defendant Levesque can recover. The mediation costs, however, are not recoverable. *See Solis v. V.I. Tel. Corp.*, 2016 WL 676376, at *2 (D.V.I. Feb. 18, 2016) (internal citations omitted) ("Mediation costs are not among the costs listed in 5 V.I.C. § 541, and are typically disallowed."); *see also Mahabir v. Heirs of George*, 2014 WL 1392954, at *2 (V.I. Super. Ct. Apr. 4, 2014) (internal quotations omitted) ("In the absence of a showing that Plaintiff failed to mediate in good faith, the Court will not award Defendant mediation costs as this would provide a disincentive for parties to enter into mediation freely."). Accordingly, Defendant Levesque is awarded $15.00 in costs.

## CONCLUSION

For the foregoing reasons, Defendant Levesque's Motion for Attorney's Fees and Costs is granted in part and denied in part. An appropriate Order will follow.

Date:  May 11, 2020                             */s/ Anne E. Thomson*
                                                ANNE E. THOMPSON, U.S.D.J.

---

[2] Because Defendant Levesque asserts that the total amount of costs is $325.66, the Court assumes that Defendant Levesque is claiming to have spent $15.00 on obtaining a certified copy of the deed.