NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL, | |
| Plaintiff, | Civ. Nos. 16-50, 18-29 |
| v. | OPINION |
| SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION *et al.*, | |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

# INTRODUCTION

This matter comes before the Court upon the Motion for Attorney's Fees and Costs filed by Defendants Michael Baird, Todd Farrand, Sidney Jarvis, Michele Lange, Nicholas Overmeyer, and the Sapphire Village Condominium Association (collectively, the "Board Defendants"). (ECF No. 1384.) Plaintiff Wilnick Dorval ("Plaintiff") has not opposed. The Court has decided the Motion upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the Board Defendants' Motion is granted in part and denied in part.

# BACKGROUND

This case arises out of Plaintiff's claims alleging that Board Defendants, along with tenants and owners at the Sapphire Village Condominium Complex ("Sapphire Village"), harassed and racially discriminated against Plaintiff. Plaintiff first brought suit against Board

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Defendants in Civ. No. 16-50 on June 23, 2016, alleging violations of private nuisance laws, the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and intentional infliction of emotional distress. (3d Am. Compl. ¶¶ 5.1.1–5.41.4, Civ. No. 16-50, ECF No. 34.) The Court dismissed these claims for insufficient service of process. (ECF No. 432.) Plaintiff then re-filed his claims against all Defendants in Civ. No. 18-29, alleging the following eleven counts: (1) violations of the FHA, 42 U.S.C. § 3601 *et seq.*, and 10 V.I.C. § 64 (Compl. ¶¶ 5.1.1–5.1.15, Civ. No. 18-29, ECF No. 1); (2) violations of the FHA, 42 U.S.C. § 3617 *et seq.*, and 10 V.I.C. § 64 (*id.* ¶¶ 5.2.1–5.2.10); (3) violations of 42 U.S.C. § 1981 *et seq.* and 10 V.I.C. § 64 (*id.* ¶¶ 5.3.1–5.3.10); (4) violations of 42 U.S.C. § 1982 *et seq.* and 10 V.I.C. § 64 (*id.* ¶¶ 5.4.1–5.4.8); (5) violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000a (*id.* ¶¶ 5.5.1–5.5.3); (6) violations of 42 U.S.C. § 1985 and the Fourteenth Amendment (*id.* ¶¶ 5.6.1–5.6.8); (7) unlawful entry, trespass, invasion of privacy, unlawful search and seizure in violation of the Fourth Amendment, and conversion (*id.* ¶¶ 5.7.1–5.7.9); (8) private nuisance (*id.* ¶¶ 5.8.1–5.8.9); (9) negligence and gross negligence (*id.* ¶¶ 5.9.1–5.9.7); (10) civil and criminal conspiracy to violate the FHA (*id.* ¶¶ 5.10.1–5.10.4); and (11) intentional infliction of emotional distress (*id.* ¶¶ 5.11.1–5.11.6).

On June 20, 2018, Defendants Lourdes and Thomas Cordero filed a Motion to Dismiss (ECF No. 60), which the Court granted in part and denied in part, dismissing Counts Five and Six of the Complaint as to all Defendants (ECF No. 534). On August 31, 2019, Defendant Claudia Woldow filed a Motion for Summary Judgment (ECF No. 1108), which the Court granted in part and denied in part, dismissing Counts One, Two, Three, Four, and Ten of the Complaint as to all Defendants for lack of subject-matter jurisdiction. (ECF No. 1367.) Plaintiff filed three additional cases with related allegations, which were consolidated with the present case for trial. (ECF No. 1294.) A bench trial was held on January 6–8, 2020. On February 26,

2020, the Court issued its Findings of Fact and Conclusions of Law (ECF No. 1378) and entered Judgment in favor of Board Defendants on the remaining counts (ECF No. 1379).

On March 11, 2020, Board Defendants filed the present Motion for Attorney's Fees and Costs, requesting $124,755.00 in fees and $6,491.68 in costs. (Defs.' Br. at 1, ECF No. 1385.) The Motion seeks fees for the following hours and billing rates: (1) 223 hours by Attorney Andrew C. Simpson and Attorney Howard Phillips, at an hourly rate of $375.00 and $275.00, respectively (Simpson Decl. ¶¶ 9, 12, 16, ECF No. 1385-1); and (2) 205.10 hours by Attorney Michael Fitzsimmons at an hourly rate of $275.00 (Fitzsimmons Decl. ¶¶ 13–14, ECF No. 1385-2). The Motion for Attorney's Fees and Costs is presently before the Court.

## **LEGAL STANDARD**

Within fourteen days of the entry of judgment, a party may move for attorney's fees, specifying the legal grounds entitling it to fees and an estimate of the amount sought. Fed. R. Civ. P. 54(d)(2)(A)–(B). Generally, absent legislation to the contrary, litigants must bear their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). However, § 3613(c)(2) of the FHA allows a prevailing party to recover "reasonable attorney's fees and costs." Similarly, 42 U.S.C. § 1988(b) allows for the awarding of attorney's fees and costs in any action to enforce a provision of § 1981, § 1982, or § 1985. For a prevailing defendant to recover fees and costs in these types of actions, the Court must find that the action was "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978); *see also Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012) (applying the *Christiansburg* rule to § 3613(c)(2)); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (applying the *Christiansburg* rule to § 1988(b)). Additionally, 5 V.I.C. § 541(b) allows

3

for recovery of attorney's fees and costs for claims brought under Virgin Islands territorial law. *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 312–13 (3d Cir. 2014).

The fee awarded should be "a fair and reasonable portion of [the] attorney's fees incurred in the prosecution or defense of the action." *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969). To determine reasonableness, the Court considers "the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service, and the certainty of compensation." *M & T Bank v. Soto*, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008)). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. "First, the Court determines whether the hours billed were 'reasonably expended,' excluding time billed that is 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Berne Corp. v. Gov't of V.I.*, 2012 WL 369535, at *10 (D.V.I. Feb 3, 2012)). Second, the Court determines "whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The burden of proving that a request for attorney's fees is reasonable rests on the party seeking the fees. *Rode*, 892 F.2d at 1183.

**DISCUSSION**

The Board Defendants prevailed on all of Plaintiff's claims against them. As a preliminary matter, the Court must decide whether Board Defendants can recover fees and costs for the federal claims at issue. The federal claims contained in Counts One through Six of the Complaint alleged violations of the FHA (§§ 3601, 3617), § 1981, § 1982, § 1985, and § 2000a. To recover fees and costs on these claims, the Court must find that Plaintiff's claims were

4

frivolous or without foundation. *See Christiansburg*, 434 U.S. at 421–22. Plaintiff's claims clearly lacked merit: Plaintiff provided no evidence at trial indicating a conspiracy among the Defendants to discriminate against Plaintiff, and Plaintiff revealed in his testimony that he believed the alleged actions were part of a larger conspiracy orchestrated by various branches of the federal government. (*See* Findings at 17–22, ECF No. 1378.) Accordingly, Defendants can recover on the federal claims. Since recovery for the territorial claims is also permitted under 5 V.I.C. § 541(b), the Court finds that Defendants can recover fees and costs for all of Plaintiff's claims.

**I.     Attorney's Fees**

    A.     *Reasonable Hours*

To calculate attorney's fees, the Court must first assess whether the hours are reasonable given the length of the case, the number of filings, and the complexity of the claims. Attorney Simpson submits that he and Attorney Phillips spent a combined total of 223 hours on this case (Simpson Decl. ¶ 16), while Attorney Fitzsimmons submits that he separately spent 205.1 hours on the case (Fitzsimmons Decl. ¶ 12). Attorney Fitzsimmons asserts that he has eliminated all entries related to paralegal work and any entries that were duplicative of the work performed by Attorney Simpson. (*Id.* ¶ 13.) Additionally, Attorney Fitzsimmons did not bill for trial time, and therefore only Attorney's Simpson's trial time is included in the calculation. (*Id.* ¶ 9.)

Upon review of the ledgers provided by defense counsel, the hours recorded generally appear reasonable. This case spanned four years, during which time Plaintiff filed countless motions. While some of these motions were directed at other defendants, the majority of Plaintiff's allegations and motions were directed at Board Defendants. Because the allegations generally centered on actions by the Sapphire Village management and board, defense counsel

5

for Board Defendants expended greater time investigating Plaintiff's claims and responding to discovery requests than most of the other defendants. Additionally, defense counsel represented six separate defendants, resulting in additional work. Furthermore, the fact that Plaintiff filed several related cases and involved numerous co-defendants added a layer of complexity, requiring defense counsel to examine the allegations and court rulings in those cases and coordinate litigation strategy with the other defendants. Defense counsel played a lead role in coordination with the *pro se* defendants and other defense attorneys. For these reasons, the Court finds that the hours billed by Attorneys Simpson, Phillips, and Fitzsimmons are generally reasonable.

The only exceptions are several entries in Attorney Fitzsimmons' Ledger that involve work related to Plaintiff's other cases, *Dorval v. Moe's Fresh Market*, Civ. No. 16-61, and *Dorval v. Sessions*, Civ. No. 17-37. (*See* Fitzsimmons Ledger at 9, 13, Fitzsimmons Decl., Ex. A.) These entries indicate that Attorney Fitzsimmons spent 1.5 hours on emails and phone calls related to the *Moe's Fresh Market* and *Sessions* cases (*id.* at 9), and 3 hours attending conferences and hearings in the *Moe's Fresh Market* case (*id.* at 13). Because these cases were not among the consolidated cases in this matter, the court will omit the 4.50 hours spent on those activities by Attorney Fitzsimmons.

The Court also notes that Attorney Simpson billed ten hours at half-rate for the time spent traveling between St. Thomas and St. Croix on April 22, 2019, July 2, 2019, and January 4–6, 2020. (*See* Simpson Ledger at 12, 14, 19–20, Simpson Decl., Ex. A.) Reduced recovery for travel time is permitted where the attorney uses the travel time to perform work related to the litigation. *See Equivest St. Thomas, Inc. v. Gov't of V.I.*, 46 V.I. 447, 458 (D.V.I. 2004) (allowing recovery where attorney "used his travel time to work . . . by reviewing deposition

6

transcripts on the plane," but reducing the time by twenty-five percent for reduced efficiency while in transit). At least one court in this district has also permitted recovery for travel time at a further reduced rate where "much of the travel time appears to have been charged only for travel, and there is little indication that other work was performed during those trips." *MRL Dev., LLC v. Whitecap Inv. Corp.*, 2017 WL 4863902, at *9 (D.V.I. Mar. 23, 2017) (reducing recoverable attorney travel time by fifty percent). Here, although Attorney Simpson does not state whether he performed work related to this litigation during his travel time, the Court will accept Attorney Simpson's half-rate billing for those hours.

B. *Reasonable Fees*

Next, the Court must determine a reasonable hourly rate for each attorney. "Virgin Islands courts 'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Soto*, 2015 WL 1529587, at *4 (citing *Anthony* ex rel. *Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012)). More recently, a court in this district found that an hourly rate of $325.00 was reasonable for an attorney with almost forty years of legal experience, and an hourly rate of $250.00 was reasonable for an associate with eight years of legal experience. *U.S. Postal Serv. Fed. Credit Union v. Edwin*, 2018 WL 1077291, at *4 (D.V.I. Feb. 27, 2018). "The burden rests on the fee applicant to produce satisfactory evidence, in addition to counsel's own affidavits, that the rates sought are in line with prevailing rates in the community for similar services, by lawyers of reasonably comparable skill, experience, and reputation." *Pollara v. Ocean View Inv. Holding LLC*, 2015 WL 4735205, at *3 (D.V.I. May 21, 2015).

Board Defendants submit the following hourly rates: (i) $325.00 for Attorney Simpson, who has thirty-two years of legal experience and served as the lead attorney on the case; (ii)

$275.00 for Attorney Phillips, who also has thirty-two years of legal experience; and (iii) $275.00 for Attorney Fitzsimmons, who has twenty years of legal experience. (Defs.' Br. at 10–11.) Defendants also provide several affidavits and motions from other Virgin Islands cases in which parties sought attorney's fees ranging from $300.00 to $400.00 per hour. (Ex. 1, ECF No. 1385-3.) However, in each of those cases, the court denied the motion for attorney's fees on other grounds and did not assess whether the proposed rate was reasonable. *See Binder v. McVey*, 2008 WL 219971, at *1–2 (D.V.I. Jan. 2, 2008) (denying the defendant's motion for attorney's fees because the plaintiff had not acted in bad faith); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (denying the defendant's motion for attorney's fees because the plaintiff was the prevailing party); *Martin v. March Group, LLP*, Civ. No. 03-105, ECF No. 197 (same). The only exception is *Seykota*, in which the court granted attorney's fees to the plaintiff at a rate of $300.00 per hour. 2007 WL 4800135, at *2–3. While the affidavits do show that some Virgin Islands attorneys have charged rates over $300.00 per hour, Board Defendants provide no comparison of the level of experience of those attorneys with that of defense counsel here.

Nevertheless, the Court finds that Attorney Simpson has substantial litigation experience and played a lead role in the consolidated cases, such that an hourly rate of $325.00 is reasonable. *See Edwin*, 2018 WL 1077291, at *4. Additionally, the $275.00 per hour rate sought by Attorneys Phillips and Fitzsimmons falls within the range that Virgin Islands courts have deemed reasonable, *see Soto*, 2015 WL 1529587, at *4, and therefore the Court also finds these rates to be reasonable. Accordingly, Board Defendants are awarded $123,517.50 in attorney's fees.

8

**II.     Costs**

Board Defendants also seek $6,491.68 in costs. (Defs.' Br. at 15–16.) These costs include deposition fees, travel and meal expenses, and mediation fees. (*Id*.) Under § 541(a), allowable costs include:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; [and]
> (5) Necessary expense of copying any public record, book, or document used as evidence on the trial . . . .

5 V.I.C. § 541(a). The Court will consider each of Board Defendants' itemized expenses in turn.

A.     *Deposition Transcripts*

Board Defendants seek $2,786.90 for the deposition transcripts of Defendant Sapphire Village Condominium Association, Defendant Lange, and Plaintiff. (Defs.' Br. at 15–16.) Section 541(a) explicitly allows recovery for expenses related to depositions, as long as the depositions were reasonably necessary in the action. 5 V.I.C. § 541(a)(2). Here, the depositions of Plaintiff and two of the Board Defendants were reasonably necessary for the litigation, and therefore the costs of the deposition transcripts are recoverable. Board Defendants also seek $150.00 for the rental of a conference room used for Plaintiff's deposition and $140.00 for a security guard hired for that deposition. (Defs.' Br. at 16.) The Court accepts that these were necessary costs associated with taking Plaintiff's deposition. *Cf. MRL Dev.*, 2017 WL 4863902, at *6 (recognizing that a party may recover costs associated with taking depositions, such as travel expenses). Therefore, Board Defendants may recover $290.00 for the conference room and security guard, in addition to $2,786.90 for the deposition transcripts.

9

B.  *Travel and Meal Expenses*

Board Defendants seek to recover the following travel costs for Attorney Simpson: (i) roundtrip airfare ($238.00) and lunch ($24.00) for attending the April 22, 2019 Rule 16 Conference; (ii) roundtrip airfare ($378.00) for attending the June 26, 2019 Status Conference; and (iii) roundtrip airfare ($541.95), hotel ($1,400.86), rental car expenses ($304.91), and meals ($216.40) for attending the January 2020 trial. (Defs.' Br. at 15–16.) Section 541(a) does not expressly state that travel expenses are allowable costs, but the Virgin Islands Supreme Court has upheld travel expenses that are considered "necessary expenses of taking depositions." *See Terrell v. Coral World*, 55 V.I. 580, 585 (V.I. 2011). However, both the Virgin Islands Supreme Court and the Third Circuit have "distinguished between travel expenses related to depositions and travel expenses that are not related to any reimbursable costs enumerated in section 541(a), the latter being deemed unrecoverable as a matter of law." *Id.* (citing *Dr. Bernard Heller Found. v. Lee*, 847 F.2d 83, 89 (3d Cir. 1988)). The travel expenses that Board Defendants seek to recover are not related to the taking of depositions or any other costs specifically authorized by § 541(a), and therefore are not recoverable. *See Terrell*, 55 V.I. at 585–86 (denying travel expenses associated with attending trial).

C.  *Mediation Fees*

Finally, Board Defendants seek to recover $310.66 for mediation fees. (Defs.' Br. at 16.) Virgin Islands courts have held that mediation fees are not recoverable. *See Solis v. V.I. Tel. Corp.*, 2016 WL 676376, at *2 (D.V.I. Feb. 18, 2016) (internal citations omitted) ("Mediation costs are not among the costs listed in 5 V.I.C. § 541, and are typically disallowed."); *Mahabir v. Heirs of George*, 2014 WL 1392954, at *2 (V.I. Super. Ct. Apr. 4, 2014) (internal quotations omitted) ("In the absence of a showing that Plaintiff failed to mediate in good faith, the Court

will not award Defendant mediation costs as this would provide a disincentive for parties to enter into mediation freely."). Accordingly, Board Defendants cannot recover the $310.66 spent on mediation fees.

## **CONCLUSION**

For the foregoing reasons, Board Defendants' Motion for Attorney's Fees and Costs is granted in part and denied in part. Board Defendants are awarded $123,517.50 in attorney's fees and $3,076.90 in costs. An appropriate Order will follow.


Date: May 11, 2020                             /s/ Anne E. Thomson
                                               ANNE E. THOMPSON, U.S.D.J.