NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>            Plaintiff,<br><br>     v.<br><br>SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION *et al*.,<br><br>            Defendants. | Civ. Nos. 16-50, 18-29<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

### INTRODUCTION

This matter comes before the Court upon the Motion for Attorney's Fees and Costs filed by Defendants Thomas and Lourdes Cordero ("Defendants"). (ECF No. 1386.) Plaintiff Wilnick Dorval ("Plaintiff") has not opposed. The Court has decided the Motion upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' Motion is granted in part and denied in part.

### BACKGROUND

This case arises out of Plaintiff's claims alleging that Defendants, along with other tenants, owners, and board members of the Sapphire Village Condominium Complex ("Sapphire Village"), harassed and racially discriminated against Plaintiff. Plaintiff first brought suit against Defendants in Civ. No. 16-50 on June 23, 2016, alleging violations of private nuisance laws, the

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and intentional infliction of emotional distress. (3d Am. Compl. ¶¶ 5.1.1–5.41.4, Civ. No. 16-50, ECF No. 34.) The Court dismissed these claims for insufficient service. (ECF No. 432.) Plaintiff then re-filed his claims against Defendants in Civ. No. 18-29, alleging the following eleven counts: (1) violations of the FHA, 42 U.S.C. § 3601 *et seq.*, and 10 V.I.C. § 64 (Compl. ¶¶ 5.1.1–5.1.15, Civ. No. 18-29, ECF No. 1); (2) violations of the FHA, 42 U.S.C. § 3617 *et seq.*, and 10 V.I.C. § 64 (*id.* ¶¶ 5.2.1–5.2.10); (3) violations of 42 U.S.C. § 1981 *et seq.* and 10 V.I.C. § 64 (*id.* ¶¶ 5.3.1–5.3.10); (4) violations of 42 U.S.C. § 1982 *et seq.* and 10 V.I.C. § 64 (*id.* ¶¶ 5.4.1–5.4.8); (5) violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000a (*id.* ¶¶ 5.5.1–5.5.3); (6) violations of 42 U.S.C. § 1985 and the Fourteenth Amendment (*id.* ¶¶ 5.6.1–5.6.8); (7) unlawful entry, trespass, invasion of privacy, unlawful search and seizure in violation of the Fourth Amendment, and conversion (*id.* ¶¶ 5.7.1–5.7.9); (8) private nuisance (*id.* ¶¶ 5.8.1–5.8.9); (9) negligence and gross negligence (*id.* ¶¶ 5.9.1–5.9.7); (10) civil and criminal conspiracy to violate the FHA (*id.* ¶¶ 5.10.1–5.10.4); and (11) intentional infliction of emotional distress (*id.* ¶¶ 5.11.1–5.11.6).

On June 20, 2018, Defendants Lourdes and Thomas Cordero filed a Motion to Dismiss (ECF No. 60), which the Court granted in part and denied in part, dismissing Counts Five and Six of the Complaint (ECF No. 534). On August 31, 2019, Defendant Claudia Woldow filed a Motion for Summary Judgment (ECF No. 1108), which the Court granted in part and denied in part, dismissing Counts One, Two, Three, Four, and Ten of the Complaint as to all Defendants for lack of subject-matter jurisdiction (ECF No. 1367). Plaintiff filed three additional cases with related allegations, which were consolidated with the present case for trial. (ECF No. 1294.) A bench trial was held on January 6–8, 2020. On February 26, 2020, the Court issued its Findings

of Fact and Conclusions of Law (ECF No. 1378) and entered Judgment in favor of Defendants on the remaining counts (ECF No. 1379).

On March 11, 2020, Defendants filed the present Motion for Attorney's Fees and Costs, requesting $54,027.50 in fees for 200.60 hours of work and $1,182.65 in costs for deposition transcripts. (Defs.' Br. at 10, ECF No. 1387.) Defendants' lead counsel, Carol A. Rich, submits the following hours and billing rates: (1) 11.20 hours at $275.00 per hour by Sharmane Davis-Brathwaite, a partner; (2) 161.50 hours at $275.00 per hour by Carol A. Rich, a partner; (3) 18.80 hours at $275.00 per hour by Malorie R. Diaz, an associate; and (4) 9.10 hours at $150.00 per hour by Jechonias S. James, a paralegal. (Ledger at 19, Ex. 1, ECF No. 1386-2.) The Motion for Attorney's Fees and Costs is presently before the Court.

## LEGAL STANDARD

Within fourteen days of the entry of judgment, a party may move for attorney's fees, specifying the legal grounds entitling it to fees and an estimate of the amount sought. Fed. R. Civ. P. 54(d)(2)(A)–(B). Generally, absent legislation to the contrary, litigants must bear their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). However, § 3613(c)(2) of the FHA allows a prevailing party to recover "reasonable attorney's fees and costs." Similarly, 42 U.S.C. § 1988(b) allows for the awarding of attorney's fees and costs in any action to enforce a provision of § 1981, § 1982, or § 1985. For a prevailing defendant to recover fees and costs in these types of actions, the Court must find that the action was "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978); *see also Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012) (applying the *Christiansburg* rule to § 3613(c)(2)); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7

3

(1983) (applying the *Christiansburg* rule to § 1988(b)). Additionally, 5 V.I.C. § 541(b) allows for recovery of attorney's fees and costs for claims brought under Virgin Islands territorial law. *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 312–13 (3d Cir. 2014).

The fee awarded should be "a fair and reasonable portion of [the] attorney's fees incurred in the prosecution or defense of the action." *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969). To determine reasonableness, the Court considers "the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service, and the certainty of compensation." *M & T Bank v. Soto*, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008)). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. "First, the Court determines whether the hours billed were 'reasonably expended,' excluding time billed that is 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Berne Corp. v. Gov't of V.I.*, 2012 WL 369535, at *10 (D.V.I. Feb 3, 2012)). Second, the Court determines "whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The burden of proving that a request for attorney's fees is reasonable rests on the party seeking the fees. *Rode*, 892 F.2d at 1183.

## **DISCUSSION**

Defendants prevailed on all of Plaintiff's claims against them. As a preliminary matter, the Court must decide whether Defendants can recover fees and costs for the federal claims at issue. The federal claims are contained in Counts One through Six of the Complaint, which alleged violations of the FHA (§§ 3601, 3617), § 1981, § 1982, § 1985, and § 2000a. To recover

4

fees and costs on these claims, the Court must find that Plaintiff's claims were frivolous or without foundation. *See Christiansburg*, 434 U.S. at 421–22. Plaintiff's claims clearly lacked merit: Plaintiff provided no evidence at trial indicating a conspiracy among the Defendants to discriminate against Plaintiff, and Plaintiff revealed in his testimony that he believed the alleged actions were part of a larger conspiracy orchestrated by various branches of the federal government. (*See* Findings at 17–22, ECF No. 1378.) Accordingly, Defendants can recover on the federal claims. Since recovery for the territorial claims is also permitted under 5 V.I.C. § 541(b), the Court finds that Defendants can recover fees and costs for all of Plaintiff's claims.

**I.    Attorney's Fees**

    A.    *Reasonable Hours*

To calculate attorney's fees, the Court must first assess whether the hours are reasonable given the length of the case, the number of filings, and the complexity of the claims. Defense counsel submit that they spent a total of 200.6 hours on the consolidated cases. (Ledger at 19.) Although the cases spanned four years and involved countless filings by Plaintiff, the vast majority of these filings were without merit, duplicative, or directed at other Defendants, such that they did not warrant a response by defense counsel. Upon review of the Ledger, the Court finds that the time spent by defense counsel on reviewing Plaintiff's filings is excessive. (*See, e.g.*, Ledger at 4–5, 7 (billing several hours on reviewing Plaintiff's repetitive affidavits).) The amount of time dedicated to reviewing a number of short Court orders also appears excessive: several entries indicate that Attorneys Rich and Diaz spent 0.20 or 0.30 of an hour on reviewing orders that were merely one or two sentences long. (*See, e.g.*, Ledger at 11, 18.) This Court has previously found that billing 0.20 of an hour for such minimal tasks was "excessive and unreasonable." *M & N Aviation, Inc. v. United Parcel Serv., Inc.*, 2014 WL 1128225, at *7

5

(D.V.I. Mar. 21, 2014) (finding it unreasonable that counsel's minimum billing entry appeared to be 0.20 of an hour, regardless of whether twelve minutes was reasonably warranted for such minimal tasks).[2] Furthermore, the Court finds that a number of email entries in the Ledger by Attorneys Rich and Diaz are primarily logistical and therefore more akin to paralegal duties. (*See, e.g.*, Ledger at 10–11 (billing for emails regarding scheduling depositions).) *See M & N Aviation*, 2014 WL 1128225, at *7 ("The Court finds that arranging meetings or postponing depositions are tasks that a paralegal could perform, and therefore billing such tasks at the attorney rate is excessive and unreasonable."). For these reasons, the Court will reduce the hours billed by Attorneys Rich and Diaz by twenty percent. This will result in a total of 129.2 hours billed by Attorney Rich and 15.04 hours billed by Attorney Diaz.

Defense counsel also seeks to compensation for 9.10 hours of work performed by Jechonias S. James, a paralegal. (Ledger at 19.) Paralegal work is generally not recoverable under Virgin Islands law absent a showing to the contrary. *See Arrow-Pocono Lines, Inc. v. Land*, 2016 WL 2637819, at *7 (D.V.I. May 6, 2016) ("Courts applying [Virgin Islands law] have declined to award fees for paralegals."). Accordingly, Defendants cannot recover fees for the work performed by James.

B.  *Reasonable Hourly Rate*

Next, the Court must determine a reasonable hourly rate. "Virgin Islands courts 'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Soto*, 2015 WL 1529587, at *4 (citing *Anthony* ex rel *Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012)). Attorneys Davis-Brathwaite, Rich, and Diaz each billed an hourly rate of $275.00. (Rich Affirm at 1, ECF No. 1386-1.) The Court finds that this rate is

---

[2] In contrast, Attorney Davis-Brathwaite routinely billed only 0.10 of an hour for such minimal tasks, and therefore her hours are reasonable. (*See* Ledger at 1–3.)

6

reasonable for Attorneys Davis-Brathwaite and Rich, who are partners. However, Defendants have not provided any arguments as to why the hourly rate for Attorney Diaz, an associate, should be equal to that of a partner. This Court has previously found that a rate of $250.00 per hour was reasonable for an associate attorney with eight years of experience practicing law. *See U.S. Postal Serv. Fed. Credit Union v. Edwin*, 2018 WL 1077291, at *3 (D.V.I. Feb. 27, 2018). However, "[t]he burden rests on the fee applicant to produce satisfactory evidence, in addition to counsel's own affidavits, that the rates sought are in line with prevailing rates in the community for similar services, by lawyers of reasonably comparable skill, experience, and reputation." *Pollara v. Ocean View Inv. Holding LLC*, 2015 WL 4735205, at *3 (D.V.I. May 21, 2015). Because Defendant does not indicate Attorney Diaz's level of experience or provide any arguments in favor of a higher rate, the Court will reduce Diaz's hourly rate to $225.00 per hour, which reflects the middle of the reasonable range for attorney's fees in the Virgin Islands. *See Soto*, 2015 WL 1529587, at *4.

Regarding the billing rate at trial, the Court notes that Attorneys Rich and Diaz also represented Defendants Jack and Melissa Tinsley at trial for the consolidated case, *Dorval v. Tinsley* et al., Civ. No. 19-23. Allowing full fees for trial hours in both cases would amount to double-billing. To avoid this result, the Court will only permit Attorneys Rich and Diaz to recover fifty percent of their trial fees in each case. Defense counsel already acknowledged a fifty percent reduction in fees for time spent at trial in the Tinsley Motion for Attorney's Fees. (Rich Affirm. ¶ 4, Civ. No. 19-23, ECF No. 87-1 (noting that due to defense counsel's representation of the Corderos and the Tinsleys at trial, Attorneys Rich and Diaz billed the Tinsleys fifty-percent of her regular rate).) Accordingly, Attorney Rich's hourly rate is reduced to $137.50 for the 22.50 hours spent at trial and closing arguments (*see* Ledger at 18–19), and

Attorney Diaz's hourly rate is reduced to $112.50 for the 4.00 hours spent at trial (*see* Ledger at 18).

Based on the above, Defendant is awarded $38,450.25 in attorney's fees for 144.24 hours of work, which consists of 11.20 hours by Attorney Davis-Brathwaite at $275.00 per hour; 106.70 hours by Attorney Rich at $275.00 per hour; 22.50 hours by Attorney Rich at $137.50 per hour; 11.04 hours by Attorney Diaz at $225.00 per hour; and 4.00 hours by Attorney Diaz at $112.50 per hour.

**II.    Costs**

Virgin Islands courts have found that reimbursement for deposition transcript fees are "reasonable expenses which are normally charged paying clients." *Equivest St. Thomas, Inc. v. Gov't of V.I.*, 46 V.I. 447, 463–64 (D.V.I. Dec. 31, 2004); See 5 V.I.C. § 541(a) (allowing recovery for the "[n]ecessary expenses of taking depositions which were reasonably necessary in the action"). The Court finds that the depositions were reasonably necessary in the action and will therefore award costs of $1,182.65 for the amount that Defendants paid for deposition transcripts.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Attorney's Fees and Costs is granted in part and denied in part. An appropriate Order will follow.

Date: May 11, 2020                                             */s/ Anne E. Thomson*
                                                                              ANNE E. THOMPSON, U.S.D.J.